LOGIA CABALLEROS DEL PLATA No. 9758 DE CAYEY, ETC., Plaintiff and Appellant, *v.* LUCÍA GARCÍA MÉNDEZ ET AL., Defendants and Appellees.

No. 8851. Argued January 17, 1944.—Decided March 28, 1944.

280

*Ubaldo Aponte* for appellant.　*Víctor M. Pons* for appellees.

Mr. Chief Justice Travieso delivered the opinion of the court.

By a public deed executed on the 6th of August 1936, the complaining Lodge sold to defendant Lucía García Méndez a lot with a frame house situated in the town of Cayey. In the complaint filed by the Lodge it is alleged as a first cause of action that the contract of purchase and sale contained in the said deed has no legal existence for the following reasons:

(1) Because even though Lucía García Méndez appears in said deed as the purchaser, the true purchaser was the other defendant, Miguel García Méndez, who on the said date was a member of the Lodge and also of its Board of Directors.

(2) Because from and after the date of the contract the defendant Miguel García Méndez has been in the actual possession of the property, acting as its sole owner, the other defendant having at no time acted as the owner thereof.

(3) Because the Board of Directors of the said institution in Cayey had no authority to convey the property without the consent of the "United Grand Order of Oddfellows of America," which consent was never obtained.

For a second cause of action it is alleged that the defendants, without any title therefor and against the expressed will of the plaintiff, are now in the actual possession of the property, which has a value of $5,000. The complainant prays for judgment declaring that the said contract of purchase and sale has no legal existence and is null and

void and that the defendants be adjudged to surrender the property to the plaintiff and to pay the costs and attorney's fees.

The defendants appeared and demurred to the complaint alleging (*a*) that the facts stated therein are insufficient to constitute a cause of action; (*b*) that the action of nullity which is exercised by the plaintiff is barred in accordance with the provisions of §1268 of the Civil Code (§1253, 1930 ed.), more than four years having elapsed from August 6, 1936, date of the execution of the contract, to July 7, 1941, the date on which the complaint was filed; (*c*) that the complaint is ambiguous, unintelligible and uncertain; and (*d*) that the plaintiff has no legal capacity to sue. The District Court of Guayama sustained the demurrer in all its parts and on motion of the plaintiff rendered judgment dismissing the complaint, costs to be paid by the plaintiff. The plaintiff thereupon filed this appeal, assigning as errors alleged to be committed by the lower court the sustaining of the demurrer as to each one of the grounds upon which the same was founded.

The first question to be decided is whether the facts alleged as the basis for the first cause of action and admitted by the demurrer are sufficient to entitle the plaintiff to the relief prayed for by it.

The complaining Lodge, affiliated with the "United Grand Order of Oddfellows of America," purchased the property involved in this litigation. From the moment that the purchase of this property was effectuated, the property could not be transferred without the consent of the said Grand Order. On August 6, 1936, without the previous consent of the Grand Order, the property was fictitiously sold to Lucía García Méndez, the real purchaser being Miguel García Méndez, a member and director of the Association and owner of the property. These facts which are admitted by the demurrer, are in our judgment sufficient to establish a *prima facie* case

of inexistence of the contract, because there can be no valid contract when the essential requisite of the consent of one of the contracting parties is lacking. (§ 1213, Civil Code.) If the complaining Lodge was not legally authorized to give its consent and the Grand Order did not grant the consent legally required for the transfer of the property, it is inevitable to conclude that if those facts were sustained by the evidence, the inexistence of the contract would be satisfactorily established. The reasons given by the lower court for sustaining the demurrer as to the alleged insufficiency of the first cause of action are erroneous. However, the complaint contains a defect which may be cured and which must be cured before the action can succeed. It is not alleged in the said complaint that the complaining Lodge has reimbursed or is ready to reimburse or has offered to reimburse to the defendants the sum paid by them to the representatives of the Lodge as the purchase price of the lot. And as to that particular point, the demurrer must be sustained, with leave to the plaintiff to amend its complaint.

The success of the second cause of action depends on the success of the first. If it should be held that the contract of purchase and sale to which the first cause of action refers has no legal existence, then the fee title of the property in litigation was never vested in the defendants and the complainant would be entitled to recover the property.

The alleged ambiguity and lack of precision of the complaint may be easily explained. The complaining Lodge, as stated in paragraph 1 of the first cause of action, is affiliated with the "United Grand Order of Oddfellows of America." It is alleged in subdivision (3) of paragraph 4 that from the moment that the property "was acquired by the plaintiff," it became the property of the Grand Order and the Lodge at Cayey "lacked authority to convey this property without the consent of the Grand Order or of any of its Governing Boards." Although the allegations of the

said paragraph are not a model of clearness and perfection, they are sufficient to inform the reader, that the complaining Lodge acquired the property for itself, but subject to the limitation that it could not dispose of the same without obtaining the previous consent of the Grand Order.

The lower court also erred in sustaining the demurrer as to the alleged lack of legal capacity of the plaintiff. It is alleged in the complaint that the plaintiff "is an institution without pecuniary objects registered under the laws of Puerto Rico." There is no doubt that the allegation would be more perfect if it had been stated that the plaintiff "is an association organized for non-pecuniary purposes in accordance with the laws of Puerto Rico and duly registered in the office of the Executive Secretary of Puerto Rico." However, the facts as alleged are in our judgment sufficient to inform the defendants, who claim that they derive their title from that of the plaintiff, that the plaintiff is an association organized for non-pecuniary purposes and as such legally authorized to sue and to be sued. Moreover, the alleged defect was cured by paragraph (b) of the Bill of Particulars, wherein it is stated that the plaintiff was organized as a legal entity under the provisions of the Law for the Incorporation of Associations for Non-pecuniary Purposes, approved March 9, 1911.

Did the action for the inexistence of the contract, which is the one brought in this case, prescribe by the lapse of four years?

Section 1213 of the Civil Code (1930 ed.) provides that there is no contract when the consent of the contracting parties is lacking. The plaintiff alleged and the defendants admitted that the "United Grand Order of Oddfellows of America," which was the entity authorized to consent to the sale of the property acquired by the complaining Lodge, never gave its consent for the execution of the deed of August 6, 1936. In the absence of said consent, we are com-

pelled to decide that the alleged contract of purchase and sale never had legal existence. If the plaintiff had no capacity to sell the property, the contract never acquired legal existence, because legal capacity is "an indispensable requirement in order that one of the requisites of the contract may exist: consent." Manresa, vol. 8, p. 628.

The action brought in this case is not that of nullity of contract. In order that the action of nullity may be exercised, it is necessary that the contract should have acquired legal existence by the concurrence of the three requisites provided by §1213—consent, object, and consideration. And we have seen that in this case there was no consent on the part of the entity authorized to grant it.

We are in disagreement with the opinion of the lower court to the effect that the contract in this case is voidable and not inexistent because the Grand Order might, if it saw fit, ratify it.

The provisions of §1253 of the Civil Code, 1930 ed., are not applicable when the action brought is based on the inexistence of the contract. *Emanuelli* v. *Cadierno*, 50 P.R.R. 128. Therefore the lower court erred in deciding that the action was barred.

The judgment appealed from must be reversed and the case remanded to the lower court for further proceedings not inconsistent with this opinion, with directions to grant to the plaintiff a period of ten days to amend its complaint.